OPINION
{¶ 1} This is an appeal from a summary judgment granted to two Defendant-physicians on claims for relief alleging medical malpractice. The trial court found that Plaintiff failed to preserve a genuine issue of material fact as to the claims for *Page 2 
relief he alleged because he did not present or point to evidence from which reasonable minds could conclude that the Defendants breached the duty of care they owed him. We agree and, accordingly, will affirm the judgment from which the appeal was taken.
 {¶ 2} Plaintiff, Larry Straley, is a Clark County Sheriff's deputy. On July 21, 2002, he injured his right ankle while chasing a suspect on foot. Plaintiff was taken to Community Hospital in Springfield, where he was treated in the emergency room on complaints of pain, tenderness, swelling, and inability to bear weight. Ankle x-ray films were ordered at that time by Defendant, William Vazquez-Choisne, M.D., a radiologist, who interpreted them as negative for bone, joint, and soft tissue abnormalities. Plaintiff Straley was released on a referral for occupational therapy.
 {¶ 3} After several sessions of occupational therapy failed to resolve Plaintiff's ankle problems, he was referred to Defendant, Tarsem Garg, M.D., an orthopedic surgeon. Following his examination of Plaintiff and review of Dr. Vazquez-Choisne's radiological report, Dr. Garg referred Plaintiff for additional physical therapy. On September 25, 2002, Dr. Garg released Plaintiff from further care and permitted him to return to work.
 {¶ 4} In June 2003, Plaintiff returned to Dr. Garg with *Page 3 
complaints of pain in his right ankle. Dr. Garg ordered an MRI study, which revealed osteochondritis dissecans in Plaintiff's right ankle. Osteochondritis dissecans is a condition in which a loose piece of bone and cartilage separates from the end of the bone because of a loss of blood supply.
 {¶ 5} Dr. Garg referred Plaintiff to another orthopedic surgeon, who performed surgery in August 2003. Following that surgery, Plaintiff experienced a wound infection, which necessitated re-hospitalization, additional surgery, treatment with antibiotics and prolonged immobilization of the ankle. Plaintiff returned to work but claims permanent injuries.
 {¶ 6} On June 3, 2004, Plaintiff filed a complaint against Drs. Garg and Vazquez-Choisne and their professional corporations on claims for relief alleging medical malpractice. The Defendants filed responsive pleadings. On June 2 and 5, 2006, Defendants filed motions for summary judgment. Each motion was supported by the affidavit of a qualified medical expert, who opined that the Defendant physician concerned conformed to and/or did not deviate from the applicable standard of care in his treatment of Plaintiff because each did those things a reasonably prudent physician would have done under the same or similar circumstances.
 {¶ 7} Plaintiff did not respond to the motions with *Page 4 
evidence from his own medical expert. Instead, Plaintiff moved for a continuance pursuant to Civ.R. 56(F). Plaintiff's attorney averred that he had been unsuccessful in his efforts to interview the orthopedic surgeon who performed surgery on Plaintiff's ankle to correct his osteochondritis dissecans condition and that he needed additional time to depose the two Defendants' medical experts. Plaintiff requested a continuance of sixty days following completion of that discovery to respond to the Defendants' motions for summary judgment.
 {¶ 8} The trial court granted Plaintiff's Civ.R. 56(F) motion, in part, but gave him only thirty additional days in which to file a response to the motions for summary judgment. Plaintiff filed a response, but the response included no affidavit of an expert witness contradicting the opinions of Defendants' experts. Rather, Plaintiff filed his own affidavit, stating that he had brought the x-rays ordered and interpreted by Dr. Vazquez-Choisne to Dr. Garg, who viewed them. Plaintiff further relied on the deposition testimony of Dr. Garg, who conceded that evidence of the osteochondritis dissecans condition which his later MRI revealed was likewise shown by the x-rays that had been ordered and interpreted by Dr. Vazquez-Choisne, who failed to diagnose the condition, and that had he ordered his own x-rays instead of relying on Dr. *Page 5 
Vazquez-Choisne's report, Dr. Garg would have discovered the osteochondritis dissecans condition upon his initial examination of Plaintiff.
 {¶ 9} The trial court granted the motions for summary judgment filed by both Defendant physicians. The court found that, as against the affidavits of Defendants' experts who opined that no negligence occurred, Plaintiff failed to satisfy the burden imposed on him under the rule of Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107, because Plaintiff failed to present evidence from a medical expert preserving a genuine issue of material fact for trial on his negligence claim.
 {¶ 10} Plaintiff Straley filed a timely notice of appeal. He presents two assignments of error.
FIRST ASSIGNMENT OF ERROR
 {¶ 11} "THE TRIAL COURT IMPROPERLY IGNORED EVIDENCE SUBMITTED IN OPPOSITION TO SUMMARY JUDGMENT."
SECOND ASSIGNMENT OF ERROR
 {¶ 12} "THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT."
 {¶ 13} The law imposes a duty of "good practice" on physicians and other health care providers, and a physician's breach of that duty in the physician's care and treatment of a patient constitutes actionable negligence, or malpractice, for *Page 6 
which the physician is liable in damages for injuries and losses suffered by the patient which proximately result from the breach.Berdyck v. Shinde (1993), 66 Ohio St.3d 573., 579, 1993-Ohio-183.
 {¶ 14} In order to prevail on a claim for relief for malpractice, a plaintiff must prove, by a preponderance of the evidence, that the defendant physician's acts or omissions fell below the particular standard of conduct that the physician's duty of good practice imposes. Such proof requires the affirmative testimony of an expert witness who is qualified to testify concerning the applicable standard of conduct, and who opines that the defendant physician's conduct failed to satisfy that standard. Evid.R. 702; R.C. 2743.43(A).
 {¶ 15} When a medical malpractice claim for relief is predicated on a physician's failure to diagnose a disease or condition, the required expert witness must testify that the defendant failed to do some particular thing or things that a physician of ordinary skill, care, and diligence would have done under like or similar circumstances in order to satisfy the physician's duty of care, and that the injuries or losses complained of were a direct and proximate result of that failure.Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131-132, 346 N.E.2d 673. *Page 7 
 {¶ 16} A party against whom a claim for relief is asserted may move for a summary judgment as to all or part of the claim for relief asserted against him, and summary judgment must be rendered for the movant if the pleadings and evidentiary materials filed in the action show there is no genuine issue of material fact relevant to the claim for relief and that the moving party is entitled to judgment as a matter of law. The court must find that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in the party's favor. Civ.R. 56(C).
 {¶ 17} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to *Page 8 
support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."Dresher, 75 Ohio St.3d at 293.
 {¶ 18} The trial court found that, the Defendants having produced evidence from their expert witnesses that no breach of their respective duties of care occurred, Plaintiff failed to satisfy his reciprocal burden under Dresher v. Burt, because he failed to offer testimony of his own expert contradicting those opinions. Plaintiff argues that such additional expert testimony was unnecessary because he could rely on the deposition testimony of Dr. Garg to satisfy his burden.
 {¶ 19} Construing Dr. Garg's testimony most strongly in favor of Plaintiff, the testimony demonstrates that Plaintiff's osteochondritis dissecans condition was evident from the x-ray films that Dr. Vazquez-Choisne ordered when Plaintiff was treated in the hospital emergency room, and that both physicians failed to diagnose the condition when they *Page 9 
interpreted those films. That Dr.Garg also viewed them is established by Plaintiff's deposition testimony. Dr. Garg further testified that had he ordered his own x-rays, he would have discovered the fracture from which Plaintiff's osteochondritis dissecans condition resulted.
 {¶ 20} Dr. Garg's testimony fails to demonstrate that his acts or omissions and/or those of Dr. Vazquez-Choisne, while they in fact occurred, fell below the standard of conduct required of a physician of ordinary skill, care, and diligence under like or similar circumstances. That proof requires affirmative allegations of fact probative of the applicable standard of conduct, and may not be inferred merely because an omission to act occurred. The physician's duty of good practice does not preclude any and all omissions, but only those which his duty of good practice requires him to avoid. Affirmative evidence from a qualified witness that such a breach of duty occurred is necessary to prove malpractice by a preponderance of the evidence. Dr. Garg's statements do not rise to that level, even when they are construed most strongly in Plaintiff's favor. Civ.R. 56(C). As against Defendants' affidavits, those concessions by Dr. Garg fail to create a genuine issue of material fact.
 {¶ 21} The motions for summary judgment the Defendants filed were not so much a Dresher v. Burt claim that Plaintiff *Page 10 
lacked the required evidence as they were assertions, which Defendants' experts supported, that no breach of their respective duties of care occurred. Plaintiff argues that the opinion those experts expressed was too conclusory to foreclose the claims for relief alleged in Plaintiff's complaint, and therefore the trial court erred when it granted their motions for summary judgment.
 {¶ 22} We agree that the opinions Defendants' experts stated are conclusory. Each avers that he examined the records of Plaintiff's care and treatment and, on that basis, opines that no breach of any duty of care the Defendants owed Plaintiff occurred. Neither identifies the particular standard of conduct that was required of a physician of ordinary skill, care, and diligence in like or similar circumstances.
 {¶ 23} Any conclusory quality in the opinions of Defendants' experts is largely a product of Plaintiff's equally conclusory pleading in his complaint, which alleged merely that "The Defendants, and each of them, fell below accepted standard of practice in providing diagnosis, care and/or treatment to Plaintiff Larry L. Straley, Jr." (Paragraph 4). No operative facts were alleged in support of the claim. The evidence that Defendants produced was sufficient to contradict that bare assertion, and because it *Page 11 
was uncontroverted, Defendants were entitled to summary judgment on the motions each filed.
 {¶ 24} The assignments of error are overruled. The judgment of the trial court will be affirmed.
 BROGAN, J. And FAIN, J., concur. *Page 1